No. ——

First Circuit

CHAMBERLIN v. OTIS

(May 4, 1926, Opinion and Decree)

(Syllabus by the Editor.)

1. Louisiana Digest—Appeal — Par. 625, 626.

The finding of the trial judge on matters of fact and as to the credibility of witnesses being eminently correct is affirmed.

Appeal from the District Court, Parish of Calcasieu, Hon. Jerry Cline, Judge.

Action by Mrs. Corinne Chamberlin against Charles D. Otis, based on an agreement to pay travelling expenses and wages. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Edwin F. Gayle, of Lake Charles, attorney for plaintiff, appellee.

Moss and Seiss, of Lake Charles, attorneys for defendant, appellant.

ELLIOTT, J.   Mrs. Corinne Chamberlin alleges an agreement with Charles D. Otis to work for him as a florist in his floral establishment at Lake Charles.

That he promised to pay her travelling expenses from Toledo, Ohio, and wages at $25.00 per week.

That her travelling expenses amounted to $64.32.

That she worked two weeks and her services for said time amounts to $50.00.

That he refused to pay her travelling expenses and wages per week.

That after working two weeks she quit and brought suit.

The defendant admits that plaintiff came to his floral establishment as alleged, but denies that she came there under an agreement of employment, and denies liability for her travelling expenses and for two weeks' wages.

The district judge rendered judgment in favor of the plaintiff for $114.32 with interest.

Defendant appealed.

The decision of the case is dependent on the credibility of conflicting testimony.

The plaintiff testifies that defendant, answering her advertisement in the Florist Review, for a position, wrote her letters promising to pay her as alleged. That she received at about the same time, an-

other offer near .home, which she preferred and accepted; and at the time not expecting to accept defendant's offer and having no use for his letters, she destroyed them. This explanation is not unreasonable and is her explanation for not having letters to show her engagement.

It does not appear reasonable that a lady would come so far and at a certain expense to work by the week, without some understanding about her expenses in coming such a long journey.

Plaintiff's letters to defendant indicate that she sought employment as a florist, and printed matter shows that she had been previously engaged in that business; which is some corroboration. The record however, contains a letter from plaintiff to defendant dated July 27, 1925, and a copy of a letter by her from Lake Charles to a certain party, baring date August 5, 1920, which was only 3 or 4 days after her arrival, which taken together, needed explanation, but while the plaintiff was on the stand as a witness in her own behalf defendant showed her the copy and asked her if she had written such a letter, and she admitted having done so. Defendant then offered the letter in evidence, but did not ask plaintiff to explain what she meant by writing such a letter to a party who it appears likely, was the same party to whom she had referred, calling him a name not at all complimentary, so soon after her arrival at Lake Charles. And what she meant in her letter to this party of August 5th, when she says, speaking of defendant, that she will not accept his money, but will never state the fact to him; but if she had to, would put him off from time to time, etc.

This failure indicates that defendant preferred to place the letter in the record without asking plaintiff to explain; and

which, for all we know, might have been explained and might not have been inconsistent with the promise to pay, alleged in her petition.

The district judge had the plaintiff and defendant and their witnesses before him. He undoubtedly knew them all except the plaintiff and was therefore, in a better position to pass on the credit due their testimony than we are.

Under all the facts and circumstances of the case we are not satisfied that the lower court erred as a matter of justice, in rendering judgment in favor of the plaintiff for her travelling expenses and for two weeks' wages as was done.

We think the judgment appealed from is correct and should be affirmed.

Judgment affirmed; defendant and appellant to pay the cost in both courts.